IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AMY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.08-CV-00278-W-HFS |
| ) | |
| SPRINT NEXTEL CORPORATION ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Before the court is the motion of defendant, Sprint Nextel Corporation, to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or, alternatively, for summary judgment pursuant to Fed.R.Civ.P. 56(c).[1] Plaintiff commenced this action alleging sexual harassment, race discrimination, retaliation and wrongful discharge, pursuant to Title VII of the 1964 Civil Rights Acts, 42 U.S.C. § 2000e et seq. Plaintiff also claimed a violation of the Family Leave Medical Act "FMLA," 29 U.S.C. § 2601 et seq.

**Standard of Review**

In considering a motion to dismiss pursuant to Federal Rule 12(b)(6), a court confines its review to the facts alleged in the complaint and any attachments to the complaint. <u>Mann v. Tyson Fresh Meats, Inc.</u>, 2008 WL 4360914 * 2 (D.S.D. Sept. 24, 2008). All facts alleged in the complaint

---

[1] Initially, the named defendants were Pitney Bowes, Inc., and Sprint Nextel Corporation. On June 9, 2008, defendant, Pitney Bowes, moved to dismiss plaintiff's claims due to insufficiency of process. After permitting plaintiff additional time to respond, by order dated August 6, 2008, Pitney Bowes was dismissed from the action (doc. 18).

will be viewed by the court in the light most favorable to the non-moving party, and the complaint should not be dismissed if there are pled "enough facts to state a claim to relief that is plausible on its face." Id, quoting, Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

**Discussion**

Preliminarily, it is noted that plaintiff has not filed any opposition to the motion to dismiss, and has not responded to this court's order to show cause why dismissal should not be granted.[2] Nonetheless, defendant's motion will be reviewed on the merits. Defendant seeks dismissal of plaintiff's Title VII claims on the ground that plaintiff failed to exhaust administrative remedies. Defendant further argues that plaintiff's FMLA claim fails because it was not plaintiff's employer.

Exhaustion of Administrative Remedies

Prior to filing an employment action under Title VII, a plaintiff is required to exhaust administrative remedies. Lockridge v. HBE Corp., 543 F.Supp.2d 1048, 1056 (E.D.Mo. 2008).[3] The "failure to exhaust administrative remedies is an affirmative defense that a defendant must prove." Id; quoting, Miles v. Bellfontaine Habilitation Center, 481 F.3d 1106, 1107 (8th Cir. 2007).

In support of its argument, defendant presents the declaration of Lauren H. James, the

---

[2] Defendant filed the instant motion on April 13, 2009; opposition was due on or before April 28, 2009 (doc. 24). By order dated May 4, 2009, plaintiff was directed to show cause why the relief sought should not be granted (doc. 27). The docket sheet indicates that plaintiff is in receipt of all orders issued by this court, yet, to-date, plaintiff has not filed any opposition.

[3] However, the Eighth Circuit has held that "in the context of an employee suing a private employer, the failure to obtain a right-to-sue letter prior to the commencement of a suit is a curable defect, cured by the subsequent receipt of a right-to-sue letter." Lockridge, 543 F.Supp.2d at 1058; quoting, Ruth v. West, 116 F.3d 480, (8th Cir. 1997).

Director, Facilities Management, who avers that she has been employed by Sprint Nextel Corporation since 1996, and is familiar with it's corporate structure. (Motion to Dismiss: Exh. A, ¶ 2).[4] Ms. James states that since March of 2001, Sprint contracted with Pitney Bowes Management Services, Inc. for mail sorting and delivery services at the Sprint campus. (Id: ¶ 4). Ms. James states that plaintiff was not employed by Sprint in 2006 and 2007, but rather, was employed by Pitney Bowes during that time. (Id: ¶ 5). Further, Ms. James avers that as the Director, Facilities Management, she would have been immediately advised of any administrative charge of discrimination and did not receive notification of such a charge by plaintiff. (Id: ¶ 6).

Here, the declaration of Ms. James is sufficient to show that plaintiff failed to exhaust the administrative remedies available to her. Plaintiff does not dispute this contention, and there are no indications in her complaint that she filed a charge with the EEOC. Consequently, plaintiff's Title VII claims are premature and will be dismissed. "Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts: and until that recourse is exhausted, suit is premature and must be dismissed." Calico Trailer Mfg. Co., Inc. v. Insurance Co. of North America, 155 F.3d 976, 978 (8th Cir. 1998); quoting, Reiter v. Cooper, 507 U.S. 258, 269 (1993).

Family Medical Leave Act

---

[4]According to Ms. James, Sprint/United Management Company is a wholly-owned subsidiary of Sprint Nextel Corporation, collectively "Sprint" which primarily serves as a holding company for the securities of various operating subsidiaries. (Motion to Dismiss: Exh. A, ¶ 3). Spring/United Management Company provides management, professional, financial, technical, administrative and advisory services to Sprint Nextel Corporation's affiliate entities. (Id).

As to plaintiff's FMLA claim, defendant contends that it too should be dismissed because it is not plaintiff's employer. Plaintiff states that she was an employee of Pitney Bowes, Inc., but also claims that she was employed at the Sprint/Nextel Center. (Complaint: pg. 2). Presumably, plaintiff claims that both entities were joint employers. The FMLA defines an employer as, among other things, "any person who acts directly or indirectly in the interest of an employer to any of the employees of such employer." Longstreth v. Copple, 101 F.Supp.2d 776, 778 (N.D.Iowa 2000). In holding that the FMLA provides for individual liability, a large number of courts have noted that the definition of employer in the FMLA closely resembles the definition of employer as contained in the statutory language of the Fair Labor Standards Act (FLSA). Id, at 779.

In cases regarding claims asserted under the FLSA, four factors have been used to determine whether an entity may be held to be a joint employer: (1) the power to hire and fire the plaintiff; (2) supervision and control of the plaintiff's work schedule or conditions of employment; (3) determination of the rate and method of payment; and (4) maintenance of the plaintiff's employment records. Id.

In her declaration Ms. James states that Sprint/United Management Company contracted with Pitney Bowes to perform mail sorting and delivery services, and that the two are not commonly owned or managed. (Motion to Dismiss: Exh. A; ¶¶ 4, 7). Ms. James also states that Sprint has no involvement in the day-to-day operations carried out by Pitney Bowes, and that all responsibility for human resources functions with respect to its employees lies with Pitney Bowes. (Id: ¶¶ 8, 10). According to Ms. James, Pitney Bowes also has sole responsibility for its employees at the Sprint Campus regarding hiring and firing; training; supervising and controlling work schedules and conditions of employment; determining rates of pay, methods of payment and distributing payment;

4

maintaining employment/personnel records; and providing employee benefits, including health insurance. (Id: ¶ 11). Again, plaintiff fails to rebut these contentions which are sufficient to show that Sprint was not a joint employer. Even construing plaintiff's complaint liberally in a light most favorable to her, dismissal of the FMLA claim is appropriate.

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss or for summary judgment (ECF doc. 24) is GRANTED. Plaintiff's claims alleging sexual harassment discrimination, race discrimination, retaliation and wrongful discharge raised pursuant to Title VII are DISMISSED without prejudice. Summary judgment is entered in favor of defendant on plaintiff's claim alleged under the FMLA. It is further

ORDERED that the clerk's office mail a copy of this order by regular mail, and certified mail, return receipt to plaintiff at:

3026 Agnes

Kansas City, Mo. 64128

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

June  12 , 2009

Kansas City, Missouri

5